GLENN L. BRIGGS (SB# 174497)
Email: gbriggs@hbwllp.com
THERESA A. KADING (SB# 211469)
Email: tkading@hbwllp.com
HODEL BRIGGS WINTER LLP
8105 Irvine Center Drive, Suite 1400
Irvine, CA 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

MICHAEL L. TRACY (SB# 237779)
Email: mtracy@michaeltracylaw.com
MEGAN ROSS HUTCHINS (SB# 227776)
Email: mhutchins@michaeltracylaw.com
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
Telephone: (949) 260-9171
Facsimile: (866) 365-3051

Attorneys for Plaintiff
MICHAEL SHERWOOD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| MICHAEL SHERWOOD, an individual,<br>Plaintiff,<br>vs.<br>WELLS FARGO BANK, NATIONAL ASSOCIATION; and DOES 1 through 50, inclusive,<br>Defendants. | CASE NO. 2:07-CV-01411-WBS-EFB<br>JUDGE WILLIAM B. SHUBB<br>COURTROOM 5<br>**STIPULATION OF SETTLEMENT AND OF DISMISSAL WITH PREJUDICE; [~~PROPOSED~~] ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE** |

THE FOLLOWING IS HEREBY STIPULATED TO by and between the parties to this action through their designated counsel:

1. Plaintiff Michael Sherwood (hereinafter, "Plaintiff") filed a Complaint in this Court asserting causes of action against Defendant Wells Fargo Bank, N.A. (hereinafter, "Defendant") for (1) failure to pay overtime compensation under California Industrial Welfare Commission Orders and California Labor Code, (2) overtime pay and liquidated damages under 29 U.S.C. Sections 207 and 216 (provisions of the Fair Labor Standards Act or "FLSA"), (3) waiting time penalties under California Labor Code Section 203, (4) failure to itemize wage statements as required under California Labor Code Section 226, (5) failure to provide adequate meal periods under California Industrial Welfare Commission Orders and California Labor Code Section 512; and (6) violations of California Business and Professions Code Section 17200.

2. As above, Plaintiff's Complaint alleges a cause of action for violation of the FLSA. In order to obtain a valid and effective release of this claim, the FLSA requires court approval of the settlement.

3. All of Plaintiff's claims stem from his contention that Defendant misclassified his Network Engineer 3 position as exempt from the laws requiring the payment of overtime compensation while he was employed by Defendant. On the other hand, Defendant contends that Plaintiff was properly treated as exempt from the laws requiring payment of overtime and that, as a result, all of Plaintiff's claims fail. In addition, even if Plaintiff were held to have been improperly classified as exempt from the laws requiring payment of overtime during his employment with Defendant, there is a dispute of fact regarding how many hours were worked by Plaintiff during the relevant time period.

4. Plaintiff and Defendant have engaged in extensive investigation of Plaintiff's claims. In addition, the parties have conferred extensively concerning the merits of the parties' claims and/or defenses, and other issues relevant to reaching a settlement.

5. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiff's Complaint. Defendant contends, among other things, that it has complied with the FLSA, the California Labor Code and the Business and Professions Code at all times. Plaintiff believes he has filed a meritorious action.

6. Plaintiff and Defendant have entered into a confidential settlement agreement, attached hereto as Exhibit A (hereinafter, the "Agreement"). Pursuant to the terms of the Agreement, Plaintiff will provide Defendant with a general release of all claims, including his claims under the FLSA, and a waiver of California Civil Code Section 1542. Furthermore, Plaintiff has agreed to a dismissal with prejudice of his Complaint in its entirety. In return, Defendant will agree to pay an undisclosed amount to Plaintiff. The amount that will be paid in settlement is redacted in the attached Agreement. If the Court desires, the parties will submit an unredacted copy of the Agreement for the Court's review *in camera*.

7. Plaintiff is of the opinion that the terms set forth in the Agreement are fair, reasonable, and adequate and that the Agreement is in the best interest of Plaintiff in light of all known facts and circumstances, including defenses asserted by Defendant. Defendant and its counsel also agree that this Agreement is fair and in the best interest of Plaintiff.

8. The parties agree that the settlement has been entered into in good faith and that the Court should enter an order approving the settlement and dismissing this action with prejudice pursuant to Federal Rule of Civil Procedure 41.

DATED: April 4, 2008

GLENN L. BRIGGS
THERESA A. KADING
HODEL BRIGGS WINTER LLP

By: /S/
THERESA A. KADING

Attorneys for Defendant
WELLS FARGO BANK, N.A.

DATED: April 4, 2008

MICHAEL L. TRACY
MEGAN ROSS HUTCHINS
LAW OFFICES OF MICHAEL L. TRACY

By: /S/
MEGAN ROSS HUTCHINS

Attorneys for Plaintiff
MICHAEL SHERWOOD

**ORDER**

GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that:

(1) The terms of the Agreement entered into between Plaintiff Michael Sherwood and Defendant Wells Fargo Bank, N.A., are fair, reasonable and adequate;

(2) The settlement is a fair and reasonable resolution of a bona fide dispute between the parties over FLSA provisions and is therefore approved;

(3) The above-captioned action is dismissed with prejudice.

Dated: April 8, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE